UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANDREA SULIVAN, | ) |
| PLAINTIFF, | ) ) ) |
| vs. | ) ) |
| ACCELERATED REVENUE INC., | ) Cause Number: 2:10cv433 ) |
| DEFENDANT. | ) ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL - INDIVIDUAL**

Plaintiff, Andrea Sulivan ("Ms. Sulivan") on behalf of herself, by counsel, Michael P. McIlree, for her Complaint against the Defendant, Accelerated Revenue Inc. alleges and states as follows:

**INTRODUCTION**

**1.** This is an action for damages brought by the Plaintiffs, for the Defendants' violations of the Federal FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.* (hereinafter referred to as "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**JURISDICTION**

**2.** This Court has jurisdiction over the claims in this matter pursuant to 15 U.S.C. § 1692.

1

## PARTIES

**3.**     Ms. Sulivan is an individual consumer currently residing in Lake County, Indiana.

**4.**     Accelerated Revenue Inc. is a collection agency who collects debts throughout the United States including in the State of Indiana.

**5.**     Accelerated Revenue Inc. is a debt collector as defined by 15 U.S.C. § 1692a(6). Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

**6.**     On November 20, 2010, Defendant sent Plaintiff a dunning letter attempting to collect a consumer debt allegedly owed to Morrow Count Physician Billing Services. (A true and accurate copy of the letter is attached as **Exhibit A**.)

**7.**     Said letter includes the following language: "All portions of this claim shall be assumed valid unless disputed within 30 days of receiving this notice. If disputed in writing, verification of the debt will be provided to you."

**8.**     The letter modifies the requirements of the Fair Debt Collection Practices Act.

**9.**     The letter does not contain who or where any dispute under 15 U.S.C. §1692g is to be sent.

**10.**     Additionally, the letter fails to indicate who would consider the alleged debt valid if not disputed.

**11.**     The letter fails to contain the required statutory language of 15 U.S.C. §1692g.

**12.**     Plaintiff alleges that Defendant has violated 15 U.S.C. §1692e.

2

**13.** Plaintiff alleges Defendant has violated 15 U.S.C. §1692f.

**14.** Plaintiff alleges Defendant has violated 15 U.S.C. §1692f.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor against the Defendant for:

1. The maximum amount of statutory and actual damages provided under the FDCPA.
2. Attorney's fees, litigation expenses and costs.
3. Such other and further relief as is appropriate.

Respectfully submitted

By _____
Michael P. McIlree

**JURY DEMAND**

_____
Plaintiff demands trial by jury.

**Michael P. McIlree, #19847-45**
**Attorney at Law**
**821 E. Lincolnway, Ste. 1**
**Valparaiso, IN 46383**
**Tel: (219) 548-1800**
**Fax: (219) 548-5905**
**Attorney for Plaintiff**

3